**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PABLO GIOVANNI SANTIAGO,

      Applicant,

v.                                            No. CIV 11-0488 WJ/WPL

ERASMO BRAVO, Warden,

      Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

      This matter is before the Court, *sua sponte* under rule 4 of the Rules Governing Section 2254 Cases, on Applicant's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254. Applicant claims that his conviction and sentence resulted from ineffective assistance of counsel and violated his constitutional protection against double jeopardy.

      Under the rules governing second or successive habeas corpus petitions, Applicant may not proceed on his application in this Court. Applicant previously prosecuted a § 2254 application in *Santiago v. Tapia*, No. CV 09-1060 MV/WPL, attacking the same state court conviction that is the subject of this proceeding. The Court dismissed the earlier application with prejudice (Docs. 24, 25). The instant application, therefore, is second or successive, *cf. Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006), and may not be prosecuted in this Court unless the Court of Appeals for the Tenth Circuit issues an order authorizing the filing, *see* 28 U.S.C. § 2244.

      "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). In

*Cline*, the court noted several factors that should be considered in determining whether to transfer

or dismiss an application.  *See id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir.

2006)).  Here, according to dates set out in Respondent's answer to the previous application (No.

CV 09-1060 MV/WPL Doc. 10), the instant application may be time-barred, *see Trujillo*, 465 F.3d

at 1223 n.16, and Applicant's claims appear to be procedurally defaulted and meritless, *see id.*  On

consideration of the factors in *Cline* and *Trujillo*, the Court will dismiss Applicant's application

rather than transfer it to the Court of Appeals for the Tenth Circuit.

Applicant may not prosecute an appeal of this ruling unless he obtains a certificate of

appealability.  "[D]ismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under

section 2255' such that § 2253 requires petitioner to obtain a COA before he or she may appeal."

*United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).  Under § 2254 rule 11, the Court *sua*

*sponte* determines that Applicant has failed to make a substantial showing that he has been denied

a constitutional right.  The Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Applicant's Application For A Writ Of Habeas Corpus

Pursuant To 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction, and judgment will be entered;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE